**Fill in this information to identify the case**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

# Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** Strack & Van Til Super Market, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

N/A

**3. Debtor's federal Employer Identification Number** (EIN) 35-1052184

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 2244 45th Street<br>Number Street | Number Street |
| | P.O. Box |
| Highland IN 46322<br>City State ZIP Code | City State ZIP Code |
| Lake County<br>County | **Location of principal assets, if different from principal place of business**<br>Number Street<br><br>City State ZIP Code |

**5. Debtor's website** (URL) N/A

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5511

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes District ______ When ______ Case number ______
MM/ DD/ YYYY
District ______ When ______ Case number ______
MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes Debtor See attached Schedule 1 Relationship ______
District ______ When ______
Case number, if known ______ MM / DD/ YYYY

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________

Number Street

____________ ____________ ____________

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact Name ____________

Phone ____________

## Statistical and administrative information (on a consolidated basis)

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/04/2017
MM / DD / YYYY

✘ /s/ Donald E. Harer
Signature of authorized representative of debtor

Donald E. Harer
Printed name

Chief Restructuring Officer
Title

**18. Signature of attorney**

✘ /s/ Mark D. Collins
Signature of attorney for debtor

Date 05/04/2017
MM / DD / YYYY

Mark D. Collins
Printed Name

Richards, Layton & Finger, P.A.
Firm Name

One Rodney Square, 920 North King Street
Number Street

Wilmington
City

Delaware
State

10153
ZIP Code

(302) 651-7700
Contact phone

Collins@rlf.com
Email address

2981
Bar Number

Delaware
State

Sunny Singh
Printed Name

Weil, Gotshal & Manges LLP
Firm Name

767 Fifth Avenue
Number Street

New York
City

New York
State

10153
ZIP Code

(212) 310-8000
Contact phone

Sunny.Singh@weil.com
Email address

N/A
Bar Number

New York
State

## **Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of **Central Grocers, Inc.**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Central Grocers, Inc.[1] | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| CGI Joliet, LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Currency Express, Inc. | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central, LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central Calumet Park LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central Chicago Heights LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central Downers Grove LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central Joliet North LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central LLC North Valpo | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Raceway Central Wheaton LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| Strack and Van Til Super Market, Inc. | 17-________( ) | May [ ], 2017 | Delaware | Pending |
| SVT, LLC | 17-________( ) | May [ ], 2017 | Delaware | Pending |

[1] On May 2, 2017, an involuntary case was filed against Central Grocers, Inc. in the Northern District of Illinois, Case No. 17-13886 (PSH).

**SECRETARY'S CERTIFICATE**

**Dated as of May 4, 2017**

**STRACK AND VAN TIL SUPER**

**MARKET, INC.**

**CERTIFICATE OF CORPORATE SECRETARY**

May 4, 2017

I, Jeffrey D. Strack, being a duly elected and authorized officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

A. Currency Express, Inc., an Indiana corporation;

B. Strack and Van Til Super Market, Inc., an Indiana corporation; and

C. SVT, LLC, an Indiana limited liability company

hereby certifies as follows:

A. I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B. Attached hereto is a true, correct, and complete copy of the resolutions of the board of directors or the sole manager, as the case may be, of each of the Companies, duly adopted and approved on May 4, 2017, in accordance with each Company's bylaws; and

C. Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 4th day of May, 2017.

/s/ Jeffrey D. Strack
Name: Jeffrey D. Strack
Title: President and CEO

**Board Resolutions**

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF**
**STRACK AND VAN TIL SUPER MARKET, INC.**

Effective as of this 4th day of May, 2017, pursuant to a special meeting of the board of directors (the "**Board of Directors**") of Strack and Van Til Super Market, Inc. (the "**Company**"), an Indiana corporation, on the same date, at which a quorum was present, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, the Board of Directors unanimously took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of Directors has reviewed and had the opportunity to ask questions about the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity of the Company and its subsidiaries, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and has considered, the strategic alternatives available to the Company; and

**WHEREAS**, the Board of Directors desires to approve the following resolutions.

**I. Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its shareholders, creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**") or the Chapter 11 Filings, including,

without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II. Commencement of Chapter 11 Cases of Subsidiaries

**RESOLVED**, that the Board of Directors has determined, after consultation with the management and the legal and financial advisors of the Company, that, in connection with the Chapter 11 Case, it is desirable and in the best interests of the Company for each of its controlled subsidiaries (the "**Subsidiaries**") to file a petition seeking relief under the provisions of the Bankruptcy Code (the "**Subsidiary Chapter 11 Cases**") and to negotiate, execute, deliver, and file all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (the "**Subsidiary Chapter 11 Filings**") in the Bankruptcy Court; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, in its capacity as a member, shareholder or partner, as the case may be, of each of its Subsidiaries, to consent to, authorize and/or approve the commencement of and entry into any such Subsidiary Chapter 11 Cases and/or the Subsidiary Chapter 11 Filings that such Authorized Person deems necessary, appropriate, or desirable in connection with the Subsidiary Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all actions, including the negotiation, execution, delivery, and filing of all documents, agreements, resolutions, certificates, schedules, lists, papers and/or instruments as are necessary, appropriate, or advisable to enable each such Subsidiary to carry out its Subsidiary Chapter 11 Cases and the Subsidiary Chapter 11 Filings (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery thereof by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

## III. Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company and its Subsidiaries, which such Authorized Person deems necessary, appropriate or advisable in connection with, or in

furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as counsel for the Company and its Subsidiaries in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19807, is hereby retained as local counsel for the Company and its Subsidiaries in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Lavelle Law, Ltd., located at 501 West Colfax Street, Palatine, Illinois 60067, is hereby retained as general corporate counsel for the Company and its Subsidiaries in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Conway MacKenzie, Inc., located at 77 Wacker Drive, Suite 4000, Chicago, Illinois 60601, is hereby retained as financial advisor for the Company and its Subsidiaries in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Peter J. Solomon Company, located at 1345 Sixth Avenue, New York, New York 10105, is hereby retained as investment banker for the Company and its Subsidiaries in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby retained as claims, noticing and solicitation agent and administrative advisor for the Company and its Subsidiaries in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## IV. General

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

| Fill in this information to identify the case: |
|---|
| Debtor Name Strack & Van Til Super Market, Inc. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (if known): ____________________ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Kelloggs Sales Company**<br>22658 Network PL<br>Chicago, IL 60673-1226 | James Lynch<br>630-927-9350<br>188-289-5554 | Trade | CUD | | | 3,069,658.20 |
| 2 | **Kraft Foods Inc.**<br>22541 Network PL<br>Chicago, IL 60673-1225 | Karen Smith<br>630-547-6307<br>630-547-6000 | Trade | CUD | | | 2,357,078.41 |
| 3 | **Nestle USA**<br>PO Box 841933<br>Dallas, TX 75284 | Accounting Department<br>213-930-5798 | Trade | CUD | | | 1,965,471.53 |
| 4 | **Tyson Foods Inc.**<br>88029 Expedite Way<br>Chicago, IL 60695-0001 | Tony Renello<br>630-545-2383<br>479-290-4000 | Trade | CUD | | | 1,134,112.54 |
| 5 | **General Mills Finance Inc.**<br>PO Box 640499<br>Pittsburgh, PA 15264 | Tim Capper<br>847-813-9063<br>800-238-8332 | Trade | CUD | | | 922,864.40 |
| 6 | **Deans Foods**<br>23682 Network PL<br>Chicago, IL 60673-1236 | Jim Lanciotti<br>708-671-3880<br>Patrick Dunne<br>847-233-5225 | Trade | CUD | | | 656,898.02 |
| 7 | **Unilever Best Foods**<br>88069 Expedite Way<br>Chicago, IL 60695-0001 | Mike Morse<br>630-339-7618 | Trade | CUD | | | 648,159.43 |

Debtor Strack & Van Til Super Market, Inc. Case number (if known)

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 8 | **Dr Pepper/Seven UP**<br>21431 Network Place<br>Chicago, IL 60673-1214 | Accounting Department<br>800-589-3555 | Trade | CUD | | | 608,625.97 |
| 9 | **Conagra Foods Inc.**<br>12132 Collections Center Drive<br>Chicago, IL 60693 | Bruce Sanoshy<br>630-652-9700 | Trade | CUD | | | 596,547.97 |
| 10 | **Valu Merchandisers Co**<br>5000 Kansas Ave<br>Kansas City, KS 66110-2932 | Alex Valverde<br>913-288-1000 | Trade | CUD | 1,567,883.40 | 1,000,000.00 | 567,883.40 |
| 11 | **Coca Cola North America**<br>PO Box 102703<br>Atlanta, GA 30368-2703 | Hector Diaz<br>630-282-2050<br>312-343-7840 | Trade | CUD | | | 556,621.67 |
| 12 | **Quaker Food And Beverages**<br>PO Box 70916<br>Chicago. IL 60673-0916 | Kathy Austin<br>773-791-0859<br>847-842-4660<br>574-273-9587 | Trade | CUD | | | 524,995.78 |
| 13 | **Gvh Dist. Midwest**<br>2105 W. Haven Ave<br>New Lenox, IL 60451 | Accounting Department<br>815-927-3360 | Trade | CUD | | | 473,729.09 |
| 14 | **The Hillshire Brands Company**<br>PO Box 4446<br>Bridgeton, MO 63044-0446 | Randy Marban<br>630-741-0090<br>312-742-2733 | Trade | CUD | | | 388,540.73 |
| 15 | **Caito Foods Service Inc.**<br>3120 N Post Rd<br>Indianapolis, IN 46226 | Dick Brown<br>800-652-8165 | Trade | CUD | | | 363,124.75 |
| 16 | **Hostess Brands**<br>PO Box 205103<br>Dallas, TX 75320-5103 | Bill Dargan<br>630-888-6623<br>Robert Allison<br>630-282-2075 | Trade | CUD | | | 362,115.88 |
| 17 | **Greater Omaha Packing**<br>3001 L. Street<br>Omaha, NE 68107 | Accounting Department<br>402-731-1700 | Trade | CUD | | | 340,924.61 |
| 18 | **S Abraham & Sons**<br>Po Box 1768<br>Grand Rapids, MI 49501-1768 | | Trade | CUD | | | 324,586.71 |
| 19 | **The Dannon Company**<br>6975 South Union Park Ctr#550<br>Cottonwood Heights, CO 84047 | Faith Hansen<br>312-593-6967<br>Brittany Laine<br>847-309-3093 | Trade | CUD | | | 318,851.57 |
| 20 | **Frito Lay Incorporated**<br>75 Remittance Drive<br>Chicago, IL 60675-1074 | Accounting Department<br>972-334-7390 | Trade | CUD | | | 311,982.40 |

**Fill in this information to identify the case and this filing:**

Debtor Name Strack & Van Til Super Market, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): ______________________

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors** **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☑ Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐ Other document that requires a declaration ______________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 4, 2017
MM/DD/YYYY

✕ /s/ Donald E. Harer
Signature of individual signing on behalf of debtor

Donald E. Harer
Printed name

Chief Restructuring Officer
Position or relationship to debtor


WEIL:\96103427\2\76248.0003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| **CENTRAL GROCERS, INC.,** ***et al.,*** | : | **Case No. 17– ________ (    )** |
| **Debtors.**[2] | : | |

# CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1(a) of the Local Bankruptcy Rules for the District of Delaware, Central Grocers, Inc. ("**CGI**"), and certain of its subsidiaries and affiliates, including Strack and Van Til Supermarket, Inc. ("**Strack**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

1. CGI's equity structure is made up of two classes of common stock: Class A Common Stock and Class B Common Stock. To the best of the Debtors' knowledge and belief no person or entity directly owns 10% or more of CGI's Class A Common Stock. Walt's Food Center owns twelve and ninety-nine hundredths percent (12.99%) of CGI's Class B Common Stock and Save More Foods owns eleven and sixty-seven hundredths percent (11.67%) of CGI's Class B Common Stock.
2. CGI owns one hundred percent (100%) of the membership interests of:
   a. CGI Joliet, LLC; and
   b. Raceway Central, LLC ("**Raceway**").

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

3. Raceway owns one hundred percent (100%) of the membership interests of:
   a. Raceway Central Calumet Park LLC;
   b. Raceway Central Chicago Heights LLC;
   c. Raceway Central Downers Grove LLC;
   d. Raceway Central Joliet North LLC;
   e. Raceway Central LLC North Valpo; and
   f. Raceway Central Wheaton LLC.
4. Strack's equity structure is made up of two series of common stock: Series A Common Stock and Series B Common Stock. Andrew L. Raab owns ten percent (10%) of Strack's Series A Common Stock, CGI owns eighty percent (80%) of Strack's Series A Common Stock, and Jeffrey D. Strack owns ten percent (10%) of Strack's Series A Common Stock. CGI owns eighty-one and thirty-nine hundredths percent (81.39%) of Strack's Series B Common Stock.
5. Strack owns one hundred percent (100%) of the equity interests of Currency Express, Inc.
6. Strack owns ninety-nine and fifty-seven hundredths percent (99.57%) of SVT, LLC.

# Exhibit A

## Corporate Organizational Chart

# Corporate and Capital Structure



**Fill in this information to identify the case and this filing:**

Debtor Name Strack & Van Til Super Market, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): ______

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors** **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☐ Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 4, 2017
MM/DD/YYYY

× /s/ Donald E. Harer
Signature of individual signing on behalf of debtor

Donald E. Harer
Printed name

Chief Restructuring Officer
Position or relationship to debtor

## LIST OF EQUITY SECURITY HOLDERS

(Strack & Van Til Super Market, Inc.)

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Jeffrey D. Strack<br>2244 45th Street<br>Highland, IN 46322 | Series A Common Stock | 10% |
| Andrew L. Raab<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series A Common Stock | 10% |
| Central Grocers, Inc.<br>2600 WEST HAVEN AVE<br>Joliet, IL 60433 | Series A Common Stock | 80% |
| Lawrence J. Raab<br>116 Circuit Road<br>Nokomis, FL 34275 | Series B Common Stock | 1.38% |
| Harris Bank, NA as Trustee the Jeffrey David Strack Children's Withdrawal Trust u/t/a dated 12/13/90<br>9801 Connecticut<br>Crown Point, IN 46307 | Series B Common Stock | 1.53% |
| Harris Bank, NA as Trustee of the Jeffrey David Strack S Corporation Stock Trust u/t/a dated 12/13/90<br>9801 Connecticut<br>Crown Point, IN 46307 | Series B Common Stock | 5.76% |
| Andrew L. Raab as Trustee of the Andrew L. Raab Revocable Trust u/t/a dated 3/31/04<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 3.64% |
| Centier Bank as Trustee of the Courtney Amber Raab Children's Withdrawal Trust u/t/a dated 12/20/90<br>600 E. 84th Avenue<br>Merrillville, IN 46410 | Series B Common Stock | 0.12% |
| Centier Bank as Trustee of the Brittany Allison Raab S Corporation Stock Trust u/t/a dated 12/20/90<br>600 E. 84th Avenue<br>Merrillville, IN 46410 | Series B Common Stock | 0.30% |
| Centier Bank as Trustee of the Brittany Allison Raab Children's Withdrawal Trust u/t/a dated 12/20/90<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.06% |

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Centier Bank as Trustee of The Andrew L. Raab Children's Trust u/t/a dated 5/30/2000<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.11% |
| Centier Bank as Trustee of the Diane M. Raab S. Corporation Stock Trust u/t/a dated 12/20/90<br>3125 Union Circle<br>Crown Point, IN 46307 | Series B Common Stock | 0.04% |
| Centier Bank as Trustee of the Deborah A. Urban Children's Trust u/t/a dated 5/30/00<br>471 Bay Shore Road<br>Nokomis, FL 46410 | Series B Common Stock | 0.07% |
| Centier Bank as Trustee of The Brittany Allison Raab Grandchild's Minority Trust u/t/a dated 3/30/98<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.56% |
| Centier Bank as Trustee of The Courtney Amber Raab Grandchild's Minority Trust u/t/a dated 3/30/98<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.22% |
| Centier Bank as Trustee of The Michael Justin Urban Grandchild's Minority Trust u/t/a dated 3/30/98<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.11% |
| Centier Bank as Trustee of The Ryne Michael Urban Grandchild's Minority Trust u/t/a dated 3/30/98<br>471 Bay Shore Road<br>Nokomis, FL 46410 | Series B Common Stock | 0.11% |
| Centier Bank as Trustee of The Connor Andrew Raab Grandchild's Minority Trust u/t/a dated 3/30/98<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.29% |
| Centier Bank as Trustee of The Carly Anne Raab Grandchild's Minority Trust u/t/a dated 3/30/98<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 0.29% |
| Central Grocers, Inc.<br>2600 WEST HAVEN AVE<br>Joliet, IL 60433 | Series B Common Stock | 81.40% |
| Andrew L. Raab.<br>600 E. 84th Ave<br>Merrillville, IN 46410 | Series B Common Stock | 2.01% |

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Jeffrey D. Strack<br>2244 45th Street<br>Highland, IN 46322 | Series B Common Stock | 2.01% |

**Fill in this information to identify the case and this filing:**

Debtor Name Strack & Van Til Super Market, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): ______________________

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors** **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☐ Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 4, 2017
MM/DD/YYYY

✕ /s/ Donald E. Harer
Signature of individual signing on behalf of debtor

Donald E. Harer
Printed name

Chief Restructuring Officer
Position or relationship to debtor